# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 21-60551
Summary Calendar

Charles L. Stringer,

*Plaintiff—Appellant*,

*versus*

John Downy, *Former United States Assistant Attorney General*; Jim Hood, *Mississippi Attorney General*; Marshall Fisher, *Former Mississippi Highway Patrol Commissioner*; Herb Frierson, *Former Commissioner of Revenue*; Gerald Host, *President of Trustmark Bank*; Willie Mosley, *Special Agent Mississippi Department of Revenue*; Ed Peters, *Former Hinds County District Attorney, Mississippi*; Unknown Drug Agent,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-257

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Charles L. Stringer seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his lawsuit as frivolous and for failure to state a claim. By such motion, Stringer is challenging the district court's certification that any appeal would not be taken in good faith because, for the reasons stated in the order of dismissal, he presents no nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Stringer asserts that he is financially eligible to proceed IFP and that his appeal is brought in good faith. He conclusionally restates his claims that the defendants conspired to defraud him and violate his rights under, among other things, the Racketeer Influenced and Corrupt Organizations Act, the Hobbs Act, and the Fourteenth Amendment. However, he briefs no argument addressing the district court's conclusion that his allegations were frivolous, incomprehensible, and insufficient to state a cognizable claim. He has therefore abandoned any challenge to the reasons for the district court's dismissal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Stringer, who originally filed his lawsuit in the district court for the District of Columbia, asserts that the district court erred by not staying the instant proceedings while he appealed the D.C. court's order transferring his complaint for improper venue. Stringer renews his request to add a claim under the D.C. Whistleblower Protection Act in order to establish jurisdiction in the D.C. court. He further argues that the district court erred in failing to grant him a temporary restraining order and preliminary injunction. He raised these arguments for the first time in his Federal Rule

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of Civil Procedure 59(e) motion, which the district court denied, noting that such motions were not the proper vehicle for presenting new arguments. *See U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 426 (5th Cir. 2014). For that reason, this court will not consider the arguments. To the extent that Stringer further asserts that the district court erred in dismissing his complaint without giving him the opportunity to provide a more definite statement of his claims against the defendants, the argument will not be considered as it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The instant appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, the motion to proceed IFP is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

As the district court noted, Stringer was previously warned that the pursuit of repetitive or frivolous actions would invite the imposition of sanctions. *See Stringer v. Barnett*, 303 F. App'x 244 (2008). Because he has failed to heed that warning, Stringer is ordered to pay a sanction of $100 to the clerk of court, and he is barred from filing any pleading in this court or any court subject to this court's jurisdiction until the sanction is paid in full, unless he obtains leave of the court in which he seeks to file such pleading. Stringer is once again warned that the filing of repetitive or frivolous pleadings in this court or any court subject to this court's jurisdiction could result in additional sanctions. He is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; SANCTION WARNING ISSUED.